Jil Mazer-Marino, Esq.
Howard B. Kleinberg, Esq.
Michael Kwiatkowski, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: jmazermarino@msek.com
        hkleinberg@msek.com
        mkwiatkowski@msek.com

*Attorneys for Jil Mazer-Marino as Chapter 7
Trustee for Jacoby & Meyers – Bankruptcy LLP
and Macey Bankruptcy Law, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| Jacoby & Meyers – Bankruptcy LLP, *et al.*, | Case No. 14-10641 (SCC) |
| Debtors. | |

----------------------------------------------------------------X
JIL MAZER-MARINO, as Chapter 7 Trustee for
Jacoby & Meyers – Bankruptcy LLP and Macey
Bankruptcy Law, P.C.

|                    Plaintiff,              | Adv. Proc. No. 15-01115 (SCC) |
|---|---|

                v.

THOMAS G. MACEY, JEFFREY J. ALEMAN,
RICHARD G. GUSTAFSON, II, SHOBHANA
KASTURI, GEORGE MACEY, and JASON SEARNS,

                    Defendants.
----------------------------------------------------------------X

**MOTION OF CHAPTER 7 TRUSTEE, PURSUANT TO RULE 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR
APPROVAL OF STIPULATION AND ORDER SETTLING TRUSTEE'S
<u>CLAIMS AGAINST DEFENDANT SHOBHANA KASTURI</u>**

Jil Mazer-Marino, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates ("**Estates**") of Jacoby & Meyers – Bankruptcy LLP and Macey Bankruptcy Law, P.C. (collectively, the "**Debtors**"), by her counsel, Meyer, Suozzi, English & Klein, P.C., hereby moves (the "**Motion**") this Court pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), for approval of the *Stipulation and Order Settling Trustee's Claims Against Shobhana Kasturi* (the "**Stipulation**") between the Trustee and defendant Shobhana Kasturi ("**Kasturi**" and together with the Trustee, the "**Parties**"). A true and correct copy of the Stipulation is attached as **Exhibit A**. In support of the Motion, the Trustee relies on the *Declaration in Support of the Motion of Chapter 7 Trustee, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for Approval of Stipulation and Order Settling Trustee's Claims Against Defendant Shobhana Kasturi*, which is attached as **Exhibit B** and incorporated herein by reference, and respectfully states as follows:

## JURISDICTION

1. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

**A.**    **The Debtors' Chapter 7 Cases**

2. On March 14, 2014 (the "**Petition Date**"), an Involuntary Petition for Relief was filed against each of the Debtors.

3. On June 16, 2014, orders for relief were entered against each of the Debtors.

4.     On June 16, 2014, the Trustee was appointed the interim chapter 7 trustee of the Estates pursuant to Bankruptcy Code section 701(a) and has since qualified as permanent trustee.

**B.     Adversary Proceeding and Kasturi's Motion to Dismiss Amended Complaint**

5.     On May 29, 2015, the Trustee filed a complaint (Dkt. No. 1) (the "**Complaint**") commencing this adversary proceeding.[1]

6.     On March 14, 2016, the Trustee filed an amended complaint (Dkt. No. 48) (the "**Amended Complaint**") in this adversary proceeding.

7.     In the Amended Complaint, the Trustee alleged, *inter alia*, that: (a) the Debtors made no less than $331,231.41 of transfers to Kasturi or for Kasturi's benefits in the one year period prior to the Petition Date (during which time period, upon information and belief, Kasturi incurred approximately $265,000 of debt for court fees on behalf of the Debtors); (b) during the two year period prior to the Petition Date, the Debtors made the following payments to Kasturi or for Kasturi's benefit: (i) not less than $12,908.00 in 401K contributions, and (ii) $1,056,632.07 in other transfers (during which time period, upon information and belief, Kasturi incurred approximately $850,000 of debt for court fees on behalf of the Debtors); and (c) during the four year period prior to the Petition Date, the Debtors made the following payments to Kasturi or for Kasturi's benefit: (i) no less than $59,890.32 in connection with the Debtors' profit sharing arrangement, (ii) no less than $26,072.00 in 401K contributions; and (iii) $2,315,188.48 in other transfers (during which time period, upon information and belief, Kasturi incurred $2 million of debt for court fees on behalf of the Debtors) (collectively, the "**Transfers**") (Dkt. No. 48).

---

[1] Unless otherwise stated, all references to "Dkt. No. _____" refer to the Court docket in Adversary Proceeding No. 15-01115 (SCC).

8.     The Amended Complaint alleges the following causes of action against Kasturi: (i) negligence, (ii) preferential transfers, pursuant to 11 U.S.C. § 547, (iii) intentional fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(A), (iv) constructive fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I), (II) and (III), (v) fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV), (vi) actual fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/5(a)(1), (vii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/5(a)(2), (viii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(a), and (ix) fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(b) (together, the "**Claims**") (Dkt. No. 48).

9.     On May 9, 2016, Kasturi filed a motion to dismiss the Amended Complaint (Dkt. No. 54) ("**Motion to Dismiss**").

10.     On August 22, 2016, Trustee filed an opposition to the Motion to Dismiss (Dkt. No. 62).

11.     On October 11, 2016, Kasturi filed a reply to the Trustee's opposition to the Motion to Dismiss (Dkt. No. 65).

12.     The Motion to Dismiss is *sub judice* with the Court.

13.     Thereafter, the Parties engaged in informal discovery leading to settlement negotiations.

14.     Subsequently, the parties were able to reach a consensual resolution of the Trustee's Claims against Kasturi.

15.     After examining the information received in informal discovery, and having such information reviewed by her forensic accountants, the Trustee believes that certain payments to Kasturi were payments in reimbursement of payments made for the benefit of the Debtors and,

hence, Kasturi has defenses to certain of the causes of action.  The Trustee also believes that expending estate assets on a trial or a motion for summary judgment is not likely to result in a meaningful benefit to the estate.  This is especially true considering that Kasturi appears not to have substantial assets.  Accordingly, even if the Trustee is successful in obtaining a judgment against Kasturi, the Trustee might not be able to monetize that judgment.  Based primarily on the foregoing, the Trustee believes that it is in the best interests of the estate to enter into a settlement with Kasturi concerning the Claims raised in the Amended Complaint.

16.    The Parties set forth and memorialized the terms of their agreement, subject to approval of the Bankruptcy Court, in the Stipulation.

## C.    **Terms of the Settlement**

17.    Under the Stipulation, Kasturi will pay the Trustee the sum of $20,000 (the "**Settlement Sum**") in exchange for the Trustee providing Kasturi with the general release.  The Settlement Sum will be paid to the Trustee in four consecutive monthly payments of $5,000 (each payment, an "**Installment Payment**").

18.    In addition, as part of the Stipulation, Kasturi is releasing, waiving, and discharging the Trustee and the Debtors' Estates from any and all claims, including any claim under Bankruptcy Code section 502(h) arising as a consequence of the payment of the Settlement Sum.

## REQUEST AND BASIS FOR RELIEF

19.    By this Motion, the Trustee requests this Court approve the Stipulation.

20.    Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

21.    As an over-all policy, bankruptcy settlements are favored because settlements generally "minimize costly litigation and further parties' interests in expediting the

5

administration of the bankruptcy estate." *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 641

(Bankr. S.D.N.Y. 2012). *See also In re Tower Automotive, Inc.*, 342 B.R. 158, 164 (Bankr.

S.D.N.Y. 2006) ("there is a general presumption in favor of settlements"); *Nellis v. Shugrue*, 165

B.R. 115, 123 (S.D.N.Y. 1994) ("the general rule [is] that settlements are favored").

22.     To approve a compromise and settlement under Bankruptcy Rule 9019(a), a

bankruptcy court should find that the compromise and settlement is fair, equitable, and in the

best interests of the debtor's estate. *See Motorola, Inc. v. Official Committee of Unsecured*

*Creditors and JPMorgan Chase Bank, N.A. (In re Iridium Operating LLC)*, 478 F.3d 452, 462

(2d Cir. 2006); *In re Dewey*, 478 B.R. at 641; *In re Chemtura Corp.*, Case No. 09-11233, 2010

WL 4272727, at * 21 (Bankr. S.D.N.Y. October 21, 2010).

23.     However, in determining whether to approve a proposed settlement, a bankruptcy

court need not decide the numerous issues of law and fact raised by the settlement, but rather

should "canvass the issues and see whether the settlement fall[s] below the lowest point in the

range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (quotation

marks omitted); *see In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009)

(the court is not required to "conduct a mini-trial to 'decide the numerous questions of law and

fact raised . . . but rather to canvass the issues' raised by the parties"); *In re Tower Automotive,*

*Inc.*, 342 B.R. 158, 164 (Bankr. S.D.N.Y. 2006) ("A court assesses a settlement by determining

whether it 'fall[s] below the lowest point in the range of reasonableness.'").

24.     Among other considerations, in determining whether a settlement is reasonable,

courts in the Second Circuit consider "(1) the balance between the litigation's possibility of

success and the settlement's future benefits; (2) the likelihood of complex and protracted

litigation, with its attendant expense, inconvenience, and delay, including the difficulty in

collecting on the judgment; [and] (3) the paramount interests of the creditors." *In re Iridium*, 478 F.3d at 462 (quotation marks omitted).

25.    The Trustee believes that further litigation of the Adversary Proceeding would be costly, with no assurance of success as to liability or judgment collection.    Based on the information provided to the Trustee by Kasturi regarding the Transfers, it appears that the Transfers made by the Debtors to Kasturi were primarily reimbursements for business expenses incurred by Kasturi on behalf of the Debtors, including payments of court filing fees.  Therefore, the Trustee believes that Kasturi could successfully defend against certain of the claims asserted by the Trustee.

26.    Thus, the Trustee believes that the settlement is fair, reasonable, and in the best interests of the estate.

27.    For the reasons set forth above, the Trustee believes the Stipulation is in the best interests of the Debtors' Estates and creditors, and should be approved.

### NOTICE

28.    The Trustee will provide notice of this Motion to the Debtors, the United States Trustee, counsel for Kasturi, all creditors for which the Trustee presently has a mailing address and all parties who have filed a notice of appearance, and submits that such notice is adequate and no other or further notice is required.

**WHEREFORE**, for all of the foregoing reasons, the Trustee respectfully requests that the Court approve the Stipulation, attached hereto as **Exhibit A**, and grant such other and further relief as may be just and proper.

Dated:    Garden City, New York
          May 23, 2018

MEYER, SUOZZI, ENGLISH & KLEIN P.C.

By:        _/s/ Howard B. Kleinberg_
           Jil Mazer-Marino
           Howard B. Kleinberg
           Michael Kwiatkowski
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Phone: (516) 741-6565
Fax: (516) 741-6706
Email: jmazermarino@msek.com
       hkleinberg@msek.com
       mkwiatkowski@msek.com

*Attorneys for Jil Mazer-Marino as Chapter 7
Trustee for Jacoby & Meyers – Bankruptcy LLP
and Macey Bankruptcy Law, P.C.*

# Exhibit A

Proposed Stipulation and Order

Jil Mazer-Marino, Esq.
Howard B. Kleinberg, Esq.
Michael Kwiatkowski, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: jmazermarino@msek.com
        hkleinberg@msek.com
        mkwiatkowski@msek.com

*Attorneys for Jil Mazer-Marino as Chapter 7 Trustee
for Jacoby & Meyers – Bankruptcy LLP and Macey
Bankruptcy Law, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                              Chapter 7

Jacoby & Meyers – Bankruptcy LLP, *et al.*,                         Case No. 14-10641 (SCC)

                                    Debtors.
-----------------------------------------------------------------X
JIL MAZER-MARINO, as Chapter 7 Trustee for
Jacoby & Meyers – Bankruptcy LLP and Macey
Bankruptcy Law, P.C.

                          Plaintiff,                               Adv. Proc. No. 15-01115 (SCC)

            v.

THOMAS G. MACEY, JEFFREY J. ALEMAN,
RICHARD G. GUSTAFSON, II, SHOBHANA
KASTURI, GEORGE MACEY, and JASON SEARNS,

                          Defendants.
-----------------------------------------------------------------X

## STIPULATION AND ORDER SETTLING TRUSTEE'S
## CLAIMS AGAINST SHOBHANA KASTURI

This stipulation (the "**Stipulation**") is made by and among defendant Shobhana Kasturi

("**Kasturi**" or "**Defendant**") and Jil Mazer-Marino, as Chapter 7 Trustee (the "**Trustee**" and,

together with the Defendant, the "**Parties**") of the estates (the "**Estates**") of Jacoby & Meyers –

Bankruptcy LLP and Macey Bankruptcy Law, P.C. (collectively, the "**Debtors**").

**RECITALS**

**WHEREAS**, on March 14, 2014 ("**Petition Date**"), an Involuntary Petition for Relief

was filed against each of the Debtors;

**WHEREAS**, on June 16, 2014, orders for relief were entered against each of the

Debtors;

**WHEREAS**, on June 16, 2014, the Trustee was appointed the interim chapter 7 trustee of

the Estates pursuant to 11 U.S.C. § 701(a) and has since qualified as permanent trustee;

**WHEREAS**, on May 29, 2015, the Trustee filed her complaint (the "**Complaint**")

commencing the above-referenced adversary proceeding;

**WHEREAS**, on March 14, 2016, the Trustee filed an amended complaint (the

"**Amended Complaint**") in the above-referenced adversary proceeding;

**WHEREAS**, in the Amended Complaint, the Trustee alleges, *inter alia*, that: (a) the

Debtors made transfers to Kasturi or for Kasturi's benefit in the one year period prior to the

Petition Date; (b) during the two year period prior to the Petition Date, the Debtors made

payments to Kasturi or for Kasturi's benefit; and (c) during the four year period prior to the

Petition Date, the Debtors made payments to Kasturi or for Kasturi's benefit (collectively, the

"**Transfers**").

**WHEREAS**, the Amended Complaint alleges the following causes of action against

Kasturi: (i) negligence, (ii) preferential transfers, pursuant to 11 U.S.C. § 547, (iii) intentional

fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(A), (iv) constructive fraudulent transfer,

pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I), (II) and (III), (v) fraudulent transfer, pursuant

-2-

to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV), (vi) actual fraudulent transfer, pursuant to 740 Ill.

Comp. Stat. 160/5(a)(1), (vii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat.

160/5(a)(2), (viii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(a), and

(ix) fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(b) (together, the "**Claims**");

      **WHEREAS**, on May 9, 2016, Kasturi filed a motion to dismiss the Amended Complaint

("**Motion to Dismiss**");

      **WHEREAS**, on August 22, 2016, Trustee filed an opposition to the Motion to Dismiss;

      **WHEREAS**, on October 11, 2016, Kasturi filed a reply to the Trustee's opposition to the

Motion to Dismiss;

      **WHEREAS,** Kasturi disputes and denies the Trustee's allegations, Kasturi and the Trustee

recognize the value of settlement, and the Parties desire to consensually resolve their disputes on

the terms set forth herein.

      **NOW, THEREFORE,** for good and valuable consideration, it is hereby stipulated,

consented to and agreed by and between the Parties as follows:

      1.     Kasturi shall pay to the Trustee the sum of $20,000 (the "**Settlement Sum**") in full satisfaction of the Trustee's Claims against Kasturi.

      2.     The Settlement Sum shall be paid in four (4) consecutive monthly payments of $5,000 (each payment, an "**Installment Payment**").

      3.     Each Installment Payment shall be delivered by overnight delivery so as to be received by the Trustee on or before the dates set forth below. The first Installment Payment shall be delivered on or before ten (10) business days after Bankruptcy Court Approval, the second Installment Payment shall be delivered on or before forty days (40) after Bankruptcy Court Approval, the third Installment Payment shall be delivered seventy (70 days) after Bankruptcy Court Approval, and the fourth and final Installment Payment shall delivered one-hundred (100) days after Bankruptcy Court Approval. Kasturi may prepay any or all of the installment payments without penalty.

      4.     The Settlement Sum shall be delivered to the Trustee as follows:
                  Payable to: "Jil Mazer-Marino, Chapter 7 Trustee"
                  Delivered to: Meyer, Suozzi, English & Klein, P.C.

990 Stewart Avenue, Suite 300
Garden City, NY  11530-9194
Attn: Jil Mazer-Marino, Esq.

5.      Kasturi represents and warrants to the Trustee that, except for compensation (consisting of salary, bonuses, and profit sharing), benefits, consisting of 401(k) contributions, medical, dental, and vision insurance benefits, maternity benefits, parking allowance, professional dues, CLE expenses, and business expense reimbursements, including the Transfers and the attendant benefits or rewards of such expense reimbursements, consisting of credit card rewards,  discounts or similar benefits, she has not received any transfers of money or property from the Debtors during the four year period prior to the Petition Date.

6.      Each of the following shall constitute an "Event of Default" under this Stipulation:

      (a)      failure by Kasturi to pay an Installment Payment when due;

      (b)      demand is made on the Trustee, by or on behalf of Kasturi, to return, disgorge or repay any portion of the Settlement Sum, including but not limited to a demand made in connection with any insolvency proceeding, bankruptcy proceeding, or action to avoid a fraudulent conveyance; and

      (c)      any breach of any representation or warranty made by Kasturi in this Stipulation.

7.      Subject to paragraph 8 below, if an Event of Default remains uncured 5 days after written notice is given to Kasturi of such Event of Default, the Trustee or her successor or assign, shall have the right to (a), (b), and (c) below, or in the alternative, (d):

      (a)      cause all amounts due under this Stipulation to become immediately due and payable without any other notice or demand; and

      (b)      take any and all actions to enforce the Stipulation without further notice to Kasturi; and

      (c)      take whatever action at law or in equity that may appear necessary or desirable to collect the amounts then due and thereafter to become due, or to enforce the performance of any obligation, agreement or covenant of Kasturi under this Stipulation.

      (d)      Or, in the alternative, reinstate all of the Trustee's claims and causes of action against Kasturi as asserted in the Amended Complaint; in such event, all statutes of limitations applicable to the Amended Complaint and the claims and causes of action asserted, or that could be asserted by the Trustee against Kasturi, shall be and shall be deemed to be, tolled, enlarged, postponed and extended *nunc pro tunc* to the date that is 180 days following the date of the last Event of Default.  Kasturi hereby waives, agrees not to assert, and is hereby estopped from asserting, any claim, defense, or argument, whether legal, equitable, or contractual, based on any statutes of limitations, limitations period, laches, waiver, or estoppel, in any action or proceeding by, or on behalf of, the Trustee or the Estates concerning the Amended Complaint, the claims and causes of

-4-

action asserted, or that could have been asserted, by or on behalf of the Trustee or the Estates against Kasturi, unless such defense was available Kasturi as of date hereof;

8.    If the Event of Default is Kasturi's breach of the representation set forth in paragraph 5 hereof, then in addition to the remedies set forth in paragraph 7 above, and notwithstanding the release set forth in paragraph 10 below, the Trustee shall have the right to take whatever action at law or in equity that may appear necessary or in the best interests of the estate, including commencing an action to avoid any transfers that are in addition to the Transfers and all of Kasturi's rights and defenses are preserved.

9.    This Stipulation is subject to Bankruptcy Court Approval and shall not become effective unless and until Bankruptcy Court Approval is obtained. For purposes of this Stipulation, Bankruptcy Court Approval shall mean the date that is fifteen (15) days after the date that the United States Bankruptcy Court for the Southern District of New York "so orders" this Stipulation or enters an Order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

10.    Upon the later of: (a) Bankruptcy Court Approval; and (b) the date that the Settlement Sum clears the Trustee's bank account and is indefeasibly paid in full, subject to the provisions of this Stipulation, the Trustee shall be deemed to have released, waived and discharged Kasturi from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity.

11.    Upon the later of: (a) Bankruptcy Court Approval; and (b) the date that the Settlement Sum clears the Trustee's bank account and is indefeasibly paid in full, subject to the provisions of this Stipulation, Kasturi shall be deemed to have released, waived and discharged the Trustee and the Debtors' Estate from any and all claims, proofs of claim, liabilities, obligations, actions, suits, judgments, causes of action and demands, known or unknown, whatsoever at law or in equity, including any claim under Bankruptcy Code section 502(h) arising as a consequence of the payment of the Settlement Sum.

12.    Subject to paragraph 8 above, after the timely, indefeasible payment of the Settlement Sum in full, the Trustee shall execute and deliver to Kasturi a stipulation of dismissal with prejudice.

13.    The Parties each warrant that they have made no assignment, and hereinafter will make no assignment of any claim, chose in action, right of action, or any other right released pursuant to this Stipulation.

14.    Notwithstanding anything contained to the contrary herein, if the Trustee: (a) is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge or repay any portion of the Settlement Sum, in any insolvency or bankruptcy proceeding concerning Kasturi, or (b) if the payment of any portion of the Settlement Sum is avoided by Kasturi or any person or entity acting on behalf of Kasturi or Kasturi's estate in any insolvency or bankruptcy proceeding concerning Kasturi, then the releases given by the Parties pursuant to this Stipulation shall be deemed ineffective and the full amount of the Trustee's

-5-

claims against Kasturi shall be reinstated without any further order of the Court, provided that Kasturi shall be deemed to have reserved and preserved all defenses to such reinstated claims.

15.    This Stipulation may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

16.    The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective party or clients.

17.    This Stipulation shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

This Stipulation may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Stipulation this 11th day of May, 2018.

Dated: Garden City

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.


By:     _____ /s/ Jil Mazer-Marino _____
     Jil Mazer-Marino
     Howard B. Kleinberg
     Michael Kwiatkowski
990 Stewart Avenue, Suite 300
Garden City, NY 11530
Tel. (516) 741-6565

*Counsel for the Chapter 7 Trustee*


Dated: 5/11/2018

SHOBHANA KASTURI


_____ /s/ Shobhana Kasturi _____
Shobhana Kasturi, Individually


Dated: New York, New York

LAW OFFICES OF DAVID E. MOLLON


By:     _____ /s/ David E. Mollon _____
David E. Mollon
5 Penn Plaza, 19th Floor, Ste. 1900
New York, NY 10001
Tel. (212) 849-6831

*Counsel for Shobhana Kasturi*


SO ORDERED THIS _____ DAY OF _____, 2018



_____
UNITED STATES BANKRUPTCY JUDGE

-7-

# Exhibit B

Declaration

Jil Mazer-Marino, Esq.
Howard B. Kleinberg, Esq.
Michael Kwiatkowski, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: jmazermarino@msek.com
        hkleinberg@msek.com
        mkwiatkowski@msek.com

*Attorneys for Jil Mazer-Marino as Chapter 7
Trustee for Jacoby & Meyers – Bankruptcy LLP
and Macey Bankruptcy Law, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re:                                            Chapter 7

Jacoby & Meyers – Bankruptcy LLP, *et al.*,       Case No. 14-10641 (SCC)

                                  Debtors.
-----------------------------------------------------------------X
JIL MAZER-MARINO, as Chapter 7 Trustee for
Jacoby & Meyers – Bankruptcy LLP and Macey
Bankruptcy Law, P.C.

                        Plaintiff,               Adv. Proc. No. 15-01115 (SCC)

            v.

THOMAS G. MACEY, JEFFREY J. ALEMAN,
RICHARD G. GUSTAFSON, II, SHOBHANA
KASTURI, GEORGE MACEY, and JASON SEARNS,

                        Defendants.
-----------------------------------------------------------------X

**DECLARATION IN SUPPORT OF THE MOTION OF CHAPTER 7
TRUSTEE, PURSUANT TO RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, FOR APPROVAL OF
STIPULATION AND ORDER SETTLING TRUSTEE'S CLAIMS
<u>AGAINST DEFENDANT SHOBHANA KASTURI</u>**

**JIL MAZER-MARINO**, pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury:

1.      I am an attorney at law, duly admitted to practice in the State of New York and before this Court.

2.      I am a shareholder at the law firm of Meyer, Suozzi, English & Klein, P.C., which maintains an office for the practice of law at 990 Stewart Avenue, Suite 300, Garden City, New York 11530.   This declaration is respectfully submitted in connection with the motion (the "**Motion**") pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), for approval of the *Stipulation and Order Settling Trustee's Claims Against Shobhana Kasturi* (the "**Stipulation**") entered into with defendant Shobhana Kasturi ("**Kasturi**").

3.      The statements herein are based on my firsthand knowledge or based on my review of relevant documents.

**A.      The Debtors' Chapter 7 Cases**

4.      On March 14, 2014 (the "**Petition Date**"), an Involuntary Petition for Relief was filed against each of the Debtors.

5.      On June 16, 2014, orders for relief were entered against each of the Debtors.

6.      On June 16, 2014, I was appointed the interim chapter 7 trustee of the Estates pursuant to Bankruptcy Code section 701(a) and I qualified as permanent trustee.

**B.      Adversary Proceeding and Kasturi's Motion to Dismiss Amended Complaint**

7.      On May 29, 2015, I filed a complaint (Dkt. No. 1) (the "**Complaint**") commencing this adversary proceeding.[1]

---

[1] Unless otherwise stated, all references to "Dkt. No. _____" refer to the Court docket in Adversary Proceeding No. 15-01115 (SCC).

2

8.      On March 14, 2016, I filed an amended complaint (Dkt. No. 48) (the "**Amended Complaint**") in this adversary proceeding.

9.      In the Amended Complaint, as the Trustee, I allege, *inter alia*, that: (a) the Debtors made no less than $331,231.41 of transfers to Kasturi or for Kasturi's benefits in the one year period prior to the Petition Date (during which time period, upon information and belief, Kasturi incurred approximately $265,000 of debt for court fees on behalf of the Debtors); (b) during the two year period prior to the Petition Date, the Debtors made the following payments to Kasturi or for Kasturi's benefit: (i) not less than $12,908.00 in 401K contributions, and (ii) $1,056,632.07 in other transfers (during which time period, upon information and belief, Kasturi incurred approximately $850,000 of debt for court fees on behalf of the Debtors); and (c) during the four year period prior to the Petition Date, the Debtors made the following payments to Kasturi or for Kasturi's benefit: (i) no less than $59,890.32 in connection with the Debtors' profit sharing arrangement, (ii) no less than $26,072.00 in 401K contributions; and (iii) $2,315,188.48 in other transfers (during which time period, upon information and belief, Kasturi incurred $2 million of debt for court fees on behalf of the Debtors) (collectively, the "**Transfers**") (Dkt. No. 48).

10.     The Amended Complaint alleges the following causes of action against Kasturi: (i) negligence, (ii) preferential transfers, pursuant to 11 U.S.C. § 547, (iii) intentional fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(A), (iv) constructive fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I), (II) and (III), (v) fraudulent transfer, pursuant to 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(IV), (vi) actual fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/5(a)(1), (vii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/5(a)(2), (viii) constructive fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(a), and

3

(ix) fraudulent transfer, pursuant to 740 Ill. Comp. Stat. 160/6(b) (together, the "**Claims**") (Dkt. No. 48).

11.    On May 9, 2016, Kasturi filed a motion to dismiss the Amended Complaint (Dkt. No. 54) ("**Motion to Dismiss**").

12.    On August 22, 2016, I filed an opposition to the Motion to Dismiss (Dkt. No. 62).

13.    On October 11, 2016, Kasturi filed a reply to my opposition to the Motion to Dismiss (Dkt. No. 65).

14.    The Motion to Dismiss is *sub judice* with the Court.

15.    Thereafter, the parties engaged in informal discovery leading to settlement negotiations.

16.    Subsequently, the parties were able to reach a consensual resolution of the Claims against Kasturi.

17.    The parties set forth and memorialized the terms of their agreement, subject to approval of the Bankruptcy Court, in the Stipulation.

C.    **Terms of the Settlement**

18.    Under the Stipulation, Kasturi will pay me, as the Trustee, the sum of $20,000 (the "**Settlement Sum**") in exchange for me, as the Trustee, providing Kasturi with the general release.  The Settlement Sum will be paid to me, as the Trustee, in four consecutive monthly payments of $5,000 (each payment, an "**Installment Payment**").

19.    In addition, as part of the Stipulation, Kasturi is releasing, waiving, and discharging me, as the Trustee, and the Debtors' Estates from any and all claims, including any claim under Bankruptcy Code section 502(h) arising as a consequence of the payment of the Settlement Sum.

4

**D.**    **The Stipulation Is In The Best Interests Of The Estate**

20.    Based upon examination of the information received in informal discovery, and having such information reviewed by my forensic accountants, as the Trustee, I believe that certain payments to Kasturi were payments in reimbursement of payments made for the benefit of the Debtors, including payments of court filings fees, and, hence, Kasturi has defenses to certain of the causes of action.  I also believe that expending estate assets on a trial or a motion for summary judgment is not likely to result in a meaningful benefit to the estate.  This is especially true considering that Kasturi appears not to have substantial assets.  As such, even if I am successful, as the Trustee, in obtaining a judgment against Kasturi, I might not be able to monetize that judgment.    Accordingly, I believe that further litigation of the Adversary Proceeding would be costly, with no assurance of success as to liability or judgment collection.

29.    Based on all of the foregoing, I believe that the settlement embodied in the Stipulation is reasonable and in the best interests of the Debtors' Estates and creditors, and should be approved.

Dated:    Garden City, New York
May 23, 2018

_____/s/ Jil Mazer-Marino_____
Jil Mazer-Marino

5

4079767